UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROCK THE OCEAN PRODUCTIONS, LLC                    CIVIL ACTION

VERSUS                                              NO:    15-5189

H1 EVENTS, LLC                                      SECTION: "G" (4)

ORDER

Before the Court is a **Motion for Attorney's Fees (R. Doc. 7)** filed by Plaintiff, Rock the Ocean Productions, LLC ("RTO"), in compliance with the Court's Order, which granted RTO's Motion to Compel (R. Doc. 5). The instant motion is opposed by Defendant, H1 Events, LLC ("H1"). R. Doc. 8.

I.   **Background**

On May 21, 2015, a subpoena, requested by RTO, was issued to H1 requesting documents for a pending litigation in the United States District Court for the Middle District of Tennessee, *Rock the Oceans Production, LLC v. Huka Productions, LLC d/b/a Huka Entertainment*. (R. Doc. 8). H1 complied with the request by producing responsive documents on August 17, 2015, to the May 21, 2015 subpoena. *Id*. RTO being unsatisfied with the documents produced on October 15, 2015, filed a Motion to Compel (R. Doc. 1) in this Court seeking compliance with the May 21, 2015, subpoena, along with attorney's fees. *Id*. No other action was taken on the May 21, 2015, subpoena until this Court granted RTO's motion to compel on March 28, 2016. *Id*.

RTO filed the instant motion for attorney's fees on April 12, 2016, seeking compensation of $4,045.00 for hours collectively billed by attorneys at Blue Williams, LLP and Riley Warnock & Jacobson, PLC ("RWJ").

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

## III. Reasonableness of Hourly Rates

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

*See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n.11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

In this instant case, the rates of attorneys Kurt S. Blankenship ($225 per hour), Christopher M. Hatcher ($170 per hour), and John R. Jacobson ($520 per hour) are not contested.  Since, the aforementioned attorney's rates are unopposed the hourly rates charged are *prima facia* reasonable.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

However, opposing counsel has challenged the hourly rate charged by attorney Michael J. Dumitru ("Dumitru"), stating that the hourly rate of $225.00 is unreasonable for a person having less than five years of legal experience.  Although Dumitru is an attorney based out of Tennessee, this Court must consider the prevailing rate in this Court's jurisdiction.  Attorney's fees must be calculated at the "prevailing rate in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stetson*, 456 U.S. 886, 895 (1984).

After reviewing the prevailing market rates for legal services in the Greater New Orleans area, the Court concludes that a rate of $180.00 is reasonable for an attorney of Dumitru's

3

qualification and experience. *See Epic Invs., Inc. v. Omni Marine Servs.*, No. 07-7154, 2009 U.S. Dist. LEXIS 122278 (E.D. La. Dec. 14, 2009) (Roby, J.) (awarding a $180.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

### IV.     Determining the Reasonable Hours Expended

Next, the Court must determine whether 15.60 hours (11.60 hours billed by Blue Williams, LLP and 3.70 hours billed by Riley Warnock & Jacobson, PLC) were reasonably expended on the motion to compel. The party seeking a fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*.

The Supreme Court calls on fee applicants to make request that demonstrate "billing judgment." *Id.* Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement." *Id*.  The remedy for failing to exercise "billing judgment" is to reduce hours awarded as a percentage and exclude hours that were not reasonably expended. *Hensley*, 461 U.S. at 434.

#### A.     Blue Williams, LLP

Blue Williams, LLP indicates that attorneys Kurt Blankenship (Billing Code 110) and

4

Christopher Hatcher (Billing Code 246) and paralegal Corlyn Rarshide (Billing Code 750) spent 3.60 hours in preparing the motion to compel (R. Doc. 7-5). The Court finds that the hours sought for the subject motion are reasonable. Attorney Kurt Blankenship billed 2.80 hours at $225.00 per hour on work done in conjunction with the motion to compel. Attorney Christopher Hatcher billed 0.60 hours at $170.00 per hour. Lastly, paralegal Corlyn Rarshide (Billing Code 750) billed 0.20 hours at $125.00 per hour. The reasonable award for Hatcher is $102.00; Rarshide's reasonable amount is $25.00. Further, Blankenship reasonable rate is $630.00. The total reasonable attorneys' fee award for Blue Williams is **$757.00**.

### B.     Riley Warnock & Jacobson, PLC

#### 1.     Subpoena Fees

Pursuant to Federal Rule of Civil Procedure Rule 37(a), RTO seeks to recover a total of 11.90[2] hours billed by Riley Warnock & Jacobson, PLC ("RWJ") in conjunction with filling the motion to compel. (R. Doc. 7-5, 7-6). However, some of the tasks billed by RWJ was performed in drafting, serving, and monitoring the subpoena and not directly regarding the motion to compel.

Federal Rules of Civil Procedure 37(a) states that the Court may award attorney's fees to the prevailing party for the reasonable expenses incurred in making the motion, including attorney's fees.  However, Rule 37 (a), "does not contemplate costs incurred by the party in the normal course of litigation, absent relation to the motion to compel . . . Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute." *Stagner v. W. Ky. Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004).

Out of the 11.90 hours billed by RWJ, Johnson billed 1.50 hours and Dimitru billed 1.70

---

[2] John R. Johnson billed 2.00 hours of work. Michael J. Dumitri billed 9.90 hours of work.

hours on tasks involving the underlying subpoena. As a result, the difference between the total hours (11.90) and hours spent on the underlying subpoena (3.20) equals 8.70 actual hours spent on the motion to compel. Those hours are subject to further reductions due to block billing and vagueness.

### 2. **Block Billing**

Dimitru had 3.00 hours that were block billed. The entries at issue are detailed below. On August 17, 2015, Dimitru billed the following:

> Review documents received in response to subpoena to H1; draft motion to compel; conference with client re: H1documents and next steps (Attorney Dumitru) (2.10 hours)

Further, on October 7, 2015:

> Draft motion to compel H1's compliance with subpoena; review Louisiana local rules and conference with local counsel regarding same; draft email to J. Heller regarding meet and confer. (Attorney Dumitru) (0.90 hours)

The practice of combining multiple tasks without differentiating between each transaction listed denotes "block billing", which is a practice disfavored by the Courts." *Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F. Supp. 2d 287 (E.D. La. 2008). The use of "block billing" prevents the Court from being able to conduct a proper analysis of the time actually spent on each of the transactions listed, and "it is not in the province of the Court to approximate how much time was spent on the motion to compel." *Id.*

While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Henseley*, 461 U.S. at 437, n. 12. A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award. *See Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D.La. 2008) (Roby, M. J.); *Harris*

*v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D.La. 2009) (Roby, M. J.) (reduction of fee award by 25% percent because of block-billing); *see also Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug.1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y.2003) ("because of . . . the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of fees . . . is warranted.").

Therefore, the Court will decrease the time billed by Dumitru by 25 percent for the August 17, 2015, and October 7, 2015, entries because billing judgment was not exercised. Therefore, the 3.00 block billed hours are reduced by 0.75 (3.0 x 25%) to 2.25 hours. Dumitru's remaining reasonable hours after adjusting for the block billed entries (0.75) and the underlying subpoena (1.70)[3] totals 7.45 hours (9.90 initial hours – 2.45 reduction).

### 3. Vague Entries

Finally, John Jacobsen billed entries on three dates that were vague; namely July 22, 2015, August 17, 2015 and August 21, 2015.[4] These entries generally reference emails but fail to describe the subject matter or content of the emails. The August entries total .30 hours and the July entry totals .20 hours for a total of .50 hours.

It is customary that supporting documentation for attorney's fees must be of sufficient

---

[3] Totaling 2.45 hours reduced.
[4] July 22, 2015 entry: Review J. Heller email; conference with M. Dumitru re: same (Attorney Jacobson) (0.20 hours). August 17, 2015: J. Heller email (Attorney Jacobson) (0.10 hours). August 21, 2015: Review S. Stacey, J. Heller and M. Dumitru emails (0.20 hours).

detail and probative value to enable the court to "determine with a high degree of certainty" that the billing is reasonable. *Miss. State Chapter Operation Push v. Mabus*, 788 F. Supp. 1406, 1416 (N.D.Miss.1992); *see League of United Latin American Citizens No. 4552 v. Roscoe ISD*, 119 F.3d 1228 (5th Cir. 1997) (noting that litigants "take their chances" when submitting vague fee applications). Descriptions such as "legal issues," "conference re: all aspects," and "call re: status" are vague descriptions. *In re Donovan*, 877 F.2d 982, 995 (D.C.Cir.1989); *Lalla*, 161 F.Supp.2d at 706.

The Court finds that the vague entries will be adjusted by .50% for a total of 0.25 remaining reasonable hours from these three entries. As a result, the remaining overall reasonable entries for Johnson's work totals .25.[5] Further, the reasonable entries for Dimitru's work totals 7.45 hours.[6] As a result, the total reasonable fees for Johnson are $130.00[7] and for Dimitru $1,341.00 [8] for a total award of **$1,471.00** for hours incurred by RWJ.

Therefore, the total fee award which accounts for hours incurred by Blue Williams and RWJ is **$2,228.00** ($757.00 +1,471.00).

## V. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc.,

---

[5] Johnson originally billed 2.00 hours which was reduced by 1.50 for the work associated only with the subpoena resulting in .50 hours remaining. This number was adjusted to .25 for the vague billing entries.

[6] Dimitru originally billed 9.90 hours which was reduced by 1.70 for work associated only with the underlying subpoena resulting in 8.20 hours which was further adjusted by .75 for the entries that demonstrated block billing and the lack of billing judgment being exercised for a total 7.45 hours which are reasonably billed.

[7] 0.25 hours multiplied by $520.00 per hour equals $130.00

[8] 7.45 hours multiplied by $180.00 per hour equals $1,341.00.

135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Attorney's Fees (R. Doc. 7)** is **GRANTED**. Rock The Ocean Productions, LLC is awarded reasonable attorney's fees in the amount of **$2,228.00** to be paid by H1 Events, LLC no later than **twenty-one (21) days** from the signing of this Order.

New Orleans, Louisiana, this 15th day of August 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**